UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M. II,<br><br>               Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. C23-6017-SKV<br><br>ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1969, has a limited education, and previously worked as a carpenter and home attendant. AR 27. Plaintiff was last gainfully employed in June 2022. AR 19.

In June 2020, Plaintiff applied for benefits, alleging disability as of January 2020; later amended to June 2022. AR 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 149-50. After the ALJ conducted a

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

hearing in March 2022, the ALJ issued a decision finding Plaintiff not disabled.  AR 66-90, 115-24.  Plaintiff appealed this decision to the Appeals Council, which accepted review and remanded because a portion of Plaintiff's testimony was missing from the hearing record.  AR 130.  Pursuant to the order of the Appeals Council, the ALJ conducted a new hearing in June 2023, after which the ALJ issued a decision again finding Plaintiff not disabled.  AR 17-65.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since June 2022, the amended alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: levoscoliosis of thoracic spine, cervical and lumbar degenerative disc disease, osteoarthritis of the bilateral hands, chronic obstructive pulmonary disease (COPD).

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform light work with some exceptions.  He can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds.  He can frequently balance, stoop, kneel, crouch, and crawl.  He can frequently, but not constantly, handle and finger bilaterally.  He can tolerate occasional exposure to extreme environmental heat and cold, and to humidity.  He can tolerate occasional exposure to atmospheric conditions as defined in Selected Characteristics of Occupations.  He can tolerate occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-21, 27-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in making an adverse symptom testimony finding regarding his handling and fingering abilities. Dkt. 8 at 2-6. The Commissioner contends the

ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.  Dkt. 10 at 2-9.  The Court agrees.

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  This requires the ALJ to specify which parts of the testimony are not credible and which evidence contradicts it.  *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017).

In March 2022, Plaintiff testified about significant limitations in his left hand, including a loss of grip, sharp pains, and difficulty holding items like a gallon of milk or a plate.  AR 79-80.  By the June 2023 hearing, he reported issues with both hands, including wearing a brace on his left wrist, difficulty picking up small items, dropping objects, and needing help with tasks like putting on socks and shoes.  He also testified that he could no longer carry a gallon of milk with either hand or do dishes due to lack of grip.  AR 53-55.  The ALJ concluded that Plaintiff's hand impairments caused him some functional limitations, but rejected his allegations of total disability because they were inconsistent with the medical evidence, treatment history, and statements to providers.  AR 21-25.

Plaintiff argues the ALJ's finding that the objective medical evidence did not support all of Plaintiff's testimony is a misapplication of the objective evidence test.  He contends that once he shows his medical impairments could be expected to cause some degree of the symptoms he alleges, the ALJ cannot reject his testimony about the extent or severity of his symptoms and limitations based solely upon whether objective evidence supports them.  Dkt. 8 at 2-5.

The Commissioner responds that the reasons the ALJ identified as undermining Plaintiff's testimony are clear and convincing, and supported by substantial evidence.  Dkt. 10 at 3-9.  Here, the ALJ found Plaintiff's testimony inconsistent with the largely unremarkable

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

medical evidence. AR 21-25 (citing AR 479 (August 2021, did not report hand pain, normal grip, strength, sensation), 632-35, 688, 697, 750, 757, 762 (Post-June 2022, mild arthritis in thumbs and wrists, no tenderness or triggering, normal sensation, negative for wrist pain)). Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject a claimant's allegation of disabling limitations. *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Molina*, 674 F.3d at 1113-14 (ALJ may rely on an unexplained or inadequately explained failure to seek treatment); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); 20 C.F.R. § 404.1529(c)(2)-(3). The ALJ also explained that Plaintiff's testimony was undermined by his conservative treatment, consisting of anti-inflammatory medication and a thumb splint. AR 23-24 (citing AR 688, 696-97).

Similarly, the ALJ discounted Plaintiff's testimony because of inconsistencies in Plaintiff's statements about his hand impairments. AR 25. In June 2022, Plaintiff reported he had been experiencing bilateral hand and thumb pain for about a year, which is consistent with his hearing testimony. He also informed his provider about a previous injury to his left hand when he was younger. AR 696-97. In contrast, in September 2022, he denied any previous hand trauma and reported that he had been experiencing bilateral hand pain for years. AR 686. The ALJ explained that although these inconsistencies were understandable and unintentional, they suggested Plaintiff's hand impairments were not as limiting as claimed. AR 25.

Plaintiff argues the ALJ mischaracterized his complaints regarding the duration of his bilateral hand pain, dkt. 8 at 3-5, and the Commissioner concedes this point. Dkt. 10 at 7-8.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

However, Plaintiff does not contest the ALJ's finding concerning inconsistent statements about his prior hand injury. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (in evaluating subjective complaints, the ALJ may consider "any inconsistent statements in [his] testimony"). Instead, he contends his prior injury was unrelated to his present allegations. Dkt. 8 at 5. To this point, in March 2022, Plaintiff testified that after having surgery on his left hand, his pain gradually got worse, he experienced sharp pains, lost his grip, and his hand locked up. AR 79-80. Likewise, in June 2022, Plaintiff told his provider about his previous hand trauma and described sharp pain and joint locking and popping. AR 696-97. While Plaintiff now argues his prior left-hand injury is unrelated to his current hand impairments, the record paints a different picture.

The Court notes the legal standard that once a claimant has established a severe impairment "an [ALJ] may not reject [his] subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity" of his symptoms. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, in this case the Court concludes the ALJ did not simply reject Plaintiff's testimony due to lack of corroborating objective medical evidence, but also because, as discussed *supra*, Plaintiff's conservative treatment and inconsistent statements to providers were inconsistent with the degree of limitation he alleged. Thus, the Court is not persuaded by Plaintiff's argument that the ALJ rejected his testimony based solely on a lack of objective medical evidence to fully corroborate it.

Moreover, the objective evidence test does not preclude an ALJ from using inconsistent objective evidence to discount subjective testimony. The Ninth Circuit has consistently found when objective medical evidence in the record is inconsistent with the claimant's testimony, the ALJ may weigh it against such testimony. *See, e.g., Chaudhry v. Astrue*, 688 F.3d 661, 672–73

(9th Cir. 2012) (affirming an ALJ's determination that interpreted and preferred objective medical evidence to subjective testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (affirming an ALJ's discounting of subjective claims of disabling pain based on objective medical evidence and a claimant's daily activities); *Thomas*, 278 F.3d at 959 (affirming an ALJ's decision discounting a claimant's testimony after "finding no objective medical evidence to support [claimant's] descriptions of her pain and limitations," and "that [claimant] was able to perform various household chores such as cooking, laundry, washing dishes, and shopping"); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165–66 (9th Cir. 2001) (affirming an ALJ's rejection of allegations of disabling pain based on normal physical examinations). Instead, the objective evidence standard "requires that an ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective testimony when there is no objective testimony evincing otherwise." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). That is, an ALJ may not demand positive objective evidence supporting every allegation a claimant makes.

Ultimately, the clear and convincing standard requires an ALJ to show his work, which the ALJ did here. The ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. Here, it does: the ALJ cited specific, clear, and convincing examples across a multi-year period contrasting Plaintiff's testimony with objective medical evidence. AR 21-25.

In sum, substantial evidence supports the ALJ's conclusion that although Plaintiff had some hand-related functional limitations, they were not as extensive as he claimed. The ALJ

accommodated this finding by limiting Plaintiff to "frequently, but not constantly, handle and finger bilaterally."  AR 21.  The Commissioner is responsible for "translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).  Plaintiff disagrees with the ALJ's conclusion but fails to show reversible error in the ALJ's evaluation.  Although the ALJ's interpretation may not be the only one, it is rational and must be upheld.  *See Smartt*, 53 F.4th at 494; *Thomas*, 278 F.3d at 954.

## CONCLUSION

For the reasons set forth above the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 3rd day of July, 2024.

S. KATE VAUGHAN
United States Magistrate Judge